By the Court, Nelson, Ch. J.
If goods seised under the absconding debtor act are .claimed by a third person as his property, the sheriff is required to summon a jury to try the validity of the claim “ in the same manner and with the like effect as in case of seizure under execution.” (2 R. S. 4, § 10.) If the jury find in favor of the claimant, the goods are to be forthwith delivered to him or his agent, unless a bond be given by the at taching creditor to indemnify the sheriff for the detention of the goods; in which case he is bound to keep them in his possession. (Id. § 11.) The act of 1813, (1 R. L. 158, § 4,) contained no provision authorizing the detention of the goods by the sheriff after the finding of the jury i'n favor of the claimant. The present statute is new in this respect, and from its explicit language it might seem that the sheriff was bound to re-deliver the property after inquisition found in favor of the claimant, unless a bond of indemnity was tendered ; but 1 doubt if this be the true construction. The preliminary en *388 quiry before the jury is not conclusive upon the parties, and if the sheriff, as in case of an execution, chooses to take the risk of shewing, in a suit by the claimant, that the property belongs to the debtor, I see no objection to the seizure and detention without the indemnity. If the bond were intended for the benefit of the claimant, and not of the sheriff, it might be otherwise ; but the former has no interest in it. It is a bond of indemnity only ; intended exclusively for the security of the officer, and with which the claimant has no concern. The 10th section appears to favor this view, as it places the finding of the jury upon the footing of an inquisition in case of a seizure on execution.
If, then, the sheriff detain the goods notwithstanding the finding in favor of the claimant, even without the bond, I do not see that he should be charged with any thing beyond an act falling within the ordinary execution of his duty ; and if it should turn out ultimately that the goods belonged to the claimant and not to the debtor, I do not think it should be regarded as laying any foundation for damages beyond the value of the property. It appears to me, therefore, that the inquisition was improperly admitted, though from the direction the cause subsequently took, it is difficult to see how it could have prejudiced the defendant.
But the verdict is against the weight of evidence, and should be set aside on that ground. Fay, the defendant in the attachment, had occupied the store and carried on the business of shoe merchant for several years, down to within a few months of the time when the goods were seized. It was conceded also, that most of the goods attached had formerly belonged to and were left by Fay in the store, and that the plaintiff, who was a minor, had been his clerk. There is not a particle of proof of a purchase or assignment from Fay, or of any other change of ownership, except what was inferred from the mere continuance of the clerk in the possession of the goods, and dealing with them as his own. The circum • stances disclosed in the case afford full proof of title in the *389 debtor, and made it necessary for the plaintiff to have shown a purchase or some legal transfer of interest to himself. As the evidence stood, it presented a mere case of dealing by him in the goods of his principal; the goods still continuing liable for the debts of the principal.
Cowen, J.
was of opinion that, had title in the plaintiff been shown, the inquisition would have been admissible in aggravation of damages.
New trial granted.